Sawyer County, Respondent, vs. Frets and another, Appellants.

*February 10—March 9, 1926.*

*Depositories: Of county moneys: Bond: Approval by committee: Custom: Liability of treasurer.*

1. The clause in sub. (3), sec. 59.74, Stats., relating to depositories for county funds and their bonds, "and shall be subject to the approval of a committee of the county board appointed therefor," refers to the bond and not to the designated depository. *p. 377.*

2. Where the bond of a depository of county funds was not approved by a committee of the county board appointed for such purpose as provided by statute, the county treasurer is liable for the safety of funds deposited, and a custom of depositing public funds there, though extending over several years, could not annul the statutory provision. *p. 377.*

3. It is the duty of the county treasurer, before depositing county funds, to see that the statutory bond of the depository has been properly approved and filed. *p. 377.*

APPEAL from a judgment of the circuit court for Sawyer county: JAMES WICKHAM, Circuit Judge. *Affirmed.*

Action upon the bond of the defendant *Frets* as county treasurer and her surety, the *Fidelity & Deposit Company of Maryland,* to recover money deposited by her in the First National Bank of Hayward. The bank became insolvent and the money was lost. The defendants claim that since the bank was designated as a county depository they are relieved from liability and not compelled to produce the money. The facts are not in dispute and were found by the court as follows:

"(1) That the defendant *Ola F. Frets* was duly elected and duly qualified as county treasurer of said county and executed and delivered her official bond as such treasurer, with her codefendant *Fidelity & Deposit Company of Maryland* as surety, as alleged in the plaintiff's complaint.

"(2) That between January 1, 1924, and March 8, 1924, said county treasurer deposited money of said county in the First National Bank of Hayward, a banking corporation doing business at Hayward in said county, of which money so deposited there remained in the hands of said bank to the credit of said county treasurer on March 8, 1924, the sum of $30,273.97.

"(3) That at the time said money was so deposited said bank was and still is insolvent, and that it closed its doors and suspended business operations on March 8, 1924, since which time its business and assets have been in charge of the comptroller of the currency of the United States.

"(4) That said county treasurer has no possession or control of said sum of $30,273.97 or any part thereof, is unable to obtain the same, and on demand duly made by the plaintiff on each of the defendants on or prior to April 25, 1924, each defendant failed and neglected to pay said money to the plaintiff or place said money in the hands of the treasurer of said county.

"(5) That on November 27, 1923, the county board of said county adopted a resolution in due form by which it designated said bank as one of the county depositories of said county and said board also appointed certain of its

members as a committee on county depositories to act on the subject of the approval of bonds of such depositories.

"(6) That said bank failed to furnish any bond as such depository until January 19, 1924, on which day it filed with the county clerk of said county a bond to said county in the penal sum of $50,000, executed by said bank as principal and by certain persons as sureties, which bond purported to have been executed on December 31, 1923. That one of the persons who signed said bond as surety was Henry E. Rohlf, who was during the times herein stated the chairman of the county board of said county and also the president of said bank. That at said time said Henry E. Rohlf was insolvent, and the principal and other sureties on said bond were so lacking in financial responsibility that said bond was insufficient to properly protect said county as a depository bond.

"(7) That said bank never presented its said bond to said committee on county depositories for approval nor ever requested said committee to act thereon and said committee never approved said bond and never acted on the subject of its approval until March 8, 1924, at which time said committee met at the request of the county clerk of said county and rejected and disapproved said bond as being insufficient.

"(8) That on many occasions during previous years said bank and other banks in said county, which had been designated as county depositories, failed to furnish any bond as depositories within the time required by law, but bonds afterwards furnished were frequently approved by the committee on county depositories after the beginning of the year covered by the said bonds."

As conclusions of law the court found:

"(1) That neither the failure of the committee on county depositories to act on the approval of said bond before March 8, 1924, nor the approval, after the time required by law, of other bonds by other similar committees, other years, constitutes any approval of said bond of said bank filed January 19, 1924.

"(2) That because said Henry E. Rohlf was the chairman of the county board of said county he was ineligible under sec. 4549 of the Statutes to contract with said county as surety on said bond of said bank of which he was presi-

dent, that the giving of such bond was a separate transaction from the designation of the bank as a public depository, and that no right nor duty was imposed on said committee to approve said bond with said Henry E. Rohlf as surety, and it had no authority to do so.

"(3) That the plaintiff is entitled to judgment against the defendants for the sum of $30,273.97, with interest thereon at the rate of six per cent. per annum from April 25, 1924, as damages, besides its costs in this action to be. taxed."

From a judgment entered accordingly the defendants appealed.

*Roy P. Wilcox* of Eau Claire, for the appellants.

*J. C. Davis* of Hayward, attorney, and *A. W. Sanborn* of Ashland, of counsel, for the respondent.

VINJE, C. J.    The legislative scheme of designating county depositories was to relieve the county treasurers from liability for the loss of public funds deposited therein, provided the conditions imposed by the legislature were followed.    Previous to its enactment county treasurers and their bondsmen were absolutely liable for loss of public funds in their custody.    Sub. (3), sec. 59.74, Stats., provides:

"Before it shall be entitled to receive county funds on deposit a depository so designated shall, on or before the first day of December next following designation, file with the county clerk a personal or surety company bond, to be in effect on and after the first day of January next succeeding, and shall be subject to the approval of a committee of the county board appointed therefor."

It is the contention of the defendants that the clause "and shall be subject to the approval of a committee of the county board appointed therefor" means that the designated depository shall be subject to the approval of the committee and not the bond. We think this interpretation is clearly erroneous for a number of reasons. So construed, the

statute would make no provision for the approval of the first bond filed by a designated depository, a situation not to be considered within the legislative thought and one leaving public funds without protection. The statute, sub. (1), sec. 59.74, provides that the county boards shall designate the depositories. It is not rational to believe that the legislature would require a committee appointed by the board to approve of its action. Besides, there is no provision in the statute for the appointment of a committee to approve of the designation of depositories, but there are clear statutory provisions for the appointment of a committee to approve bonds. See sub. (4), sec. 59.74, sub. (5), sec. 59.74, and sub. (1), sec. 59.75. These sections provide respectively:

"If at any time after a designation is made the board shall, for good and sufficient reasons, deem the security given insufficient, it may require a new bond, and if, in its opinion, the public interest requires it, may vacate, revoke or modify such designation. . . ."

"If after a depository has been designated by the county board, it shall fail to furnish a bond, as provided in this section, or if at any time after a depository has been designated and has filed the bond herein provided for, such bond is withdrawn by the sureties thereon, or is deemed insufficient by the committee provided for in subsection (3), said committee shall have power to vacate, revoke, or modify the designation of the county board, and such committee shall have power to designate a depository or depositories for the remainder of the calendar year. In making such designation, such committee shall be governed by the procedure outlined in this section to be followed by the county board, and such committee shall, for the purpose of making such designation, have all the powers conferred upon the county board by this section. The bond of any depository designated as provided in this subsection shall be subject to the approval of the committee."

"Whenever any county board shall have designated a county depository or depositories in accordance with the provisions of section 59.74 the county treasurer, as soon as

Sawyer County v. Frets, 189 Wis. 372.

the bond required by that section has been approved and filed, shall deposit therein as soon as received all funds that come to his hands in that capacity in excess of the sum he is authorized by such board to retain and any sum so on deposit shall be deemed to be in the county treasury, and such treasurer shall not be liable for any loss thereon resulting from the failure or default of such depository without fault or neglect on his part."

It seems so plain from the statutory declaration; from the legislative scheme and the reasons therefor, as well as from the grammatical construction of sub. (3), sec. 59.74, that the words "and shall be subject to the approval of a committee of the county board appointed therefor" relate to the approval of the bond and not to the approval of the depository, that further discussion would serve but to becloud the proposition.

It follows that the trial court was right in concluding that the designated depository had not furnished the statutory bond, namely, one approved by the committee of the county board, and not having furnished such bond the county treasurer was not protected from liability because of the deposit in the designated depository. It was the duty of the county treasurer to see that the statutory bond, properly approved, was filed before making deposits in the bank. The bond not having been approved as required by statute, the treasurer was liable for the safety of the funds deposited.

It is elementary that a custom of depositing public funds extending over several years cannot annul clear statutory provisions.

As to the right of the treasurer and surety to recover upon the bond of the bank, we express no opinion, as that question is not in the case.

Neither do we deem it necessary to decide whether or not Henry E. Rohlf was a competent surety.

*By the Court.*—Judgment affirmed.