636

TOWN OF LAKELAND, Respondent, vs. BEKKEDAL, imp., Appellant.

*November 11—December 6, 1932.*

For the appellant the cause was submitted on the brief of *C. W. Graves* of Viroqua, attorney, and *Goggins, Brazeau & Graves* of Wisconsin Rapids of counsel.

For the respondent there was a brief by *A. J. Connors* of Barron and *W. T. Doar* of New Richmond, and oral argument by *Mr. Doar.*

ROSENBERRY, C. J. Upon this appeal there is involved a single question: What construction should be placed upon section 60.29 (25) of the Statutes? Sec. 60.29 relates to the duties and powers of town boards. Sec. 60.29 (25) is as follows:

"To designate the bank or banks where the money belonging to the town shall be deposited, and the security, to be approved by the town board, to be given by such bank or banks. When the money is so deposited the treasurer and his bondsmen shall not be liable for the loss thereof by reason of the failure of such bank or banks. The interest arising therefrom shall be paid into the town treasury."

It is the contention of the plaintiff town that the failure of the town board to designate the security to be given by the Barronett State Bank made the designation of the depository ineffectual and for that reason the town treasurer and his bondsmen were not relieved from liability on account of the loss of funds deposited therein. On the other hand,

it is the contention of the defendant Bekkedal that the power conferred upon the town board was to do two things: (1st) to designate a depository; and (2d) to designate the security to be given by such depository and to approve the same. The town board having designated the Barronett State Bank as a depository, the failure of the town board to designate the security to be given and to approve the same may constitute a breach of duty by the town board, but it does not make ineffectual the designation of the Barronett State Bank as a depository; that having deposited the funds in the designated depository, the treasurer and his bondsmen are not liable for the loss resulting from the failure of the depository.

It is quite apparent that the legislature by the enactment of sub. (25) intended to permit towns to designate depositories so that the town might be relieved of the expense of furnishing a paid surety and in addition thereto might secure more interest upon its balances.

Sec. 60.29 (25) was created by ch. 82 of the Laws of 1923. By the same chapter was created sec. 61.34 (38), conferring identical powers upon village boards. There was then in existence a statute, sec. 59.74, relating to the designation of depositories by county boards. Sub. (1) of sec. 59.74 authorized county boards to appoint two or more depositories. Sub. (2) provided for advertisement by the county clerk and for the reception of proposals for the receiving of public funds and payment of interest thereon.

Sec. 59.74 (3) provided:

"Before it shall be entitled to receive county funds on deposit a depository so designated shall, on or before the first day of December next following designation, file with the county clerk a personal or surety company bond, to be in effect on and after the first day of January next succeeding, and shall be subject to the approval of a committee of the county board appointed therefor. Such bond shall be in a sum fixed by the county board at not less than the maxi-

mum amount to be placed therein, or if a surety bond is furnished, at not more than two thousand dollars in excess of said maximum, and shall be conditioned," etc.

This section was under consideration in *Sawyer County v. Frets,* 189 Wis. 372, 207 N. W. 940, and in *Forest County v. Poppy,* 193 Wis. 274, 213 N. W. 676. We have no disposition to modify or in any degree withdraw what was said in those cases.

A consideration of the differences between sec. 59.74 and sec. 60.29 (25) is very significant. Sec. 59.74 (3), already quoted, says that before it shall be entitled to receive county funds the depository must give a bond. Sec. 60.29 (25) says that the town board may designate the bank where the money belonging to the town shall be deposited, and when the money is so deposited the treasurer and his bondsmen shall not be liable for the loss thereof, etc. It does not make the giving of security by the depository and its approval a condition precedent as does sec. 59.74. However much the policy underlying sec. 60.29 (25) may be disapproved, we cannot escape the conclusion that it was the purpose of the legislature to invest the town board with discretion with respect to the furnishing of security. If the town board in this case had designated a bond of $500 the statute would have been complied with literally. If that is true, it seems equally apparent that it was the purpose of the legislature to vest in the town board a discretion to omit the furnishing of security entirely. Even if this be not true, there is nothing in sec. 60.29 (25) as there is in sec. 59.74 to indicate that the furnishing of the security was in any way a condition precedent to the designated bank becoming a depository. Certainly the equities are all with the defendants. After the adoption of the resolution the treasurer had no alternative but to comply, or ignore the action of the town board at his peril. It may well be that the legislature, in attempting to provide a way by which the town deposits

might be made to earn as much money as possible without the expense incurred in furnishing a bond, adopted a policy which was unwise. Merely because subsequent events have proven that the policy was an unwise one cannot in any way affect our determination as to what the legislative intent and purpose was at the time the act was passed.

It is considered, therefore, that the town board having properly designated the Barronett State Bank as depository, the town treasurer having pursuant to said resolution, with the knowledge and approval of the town board, deposited town funds in the depository, he and his bondsmen were relieved under the statute from any loss resulting from the failure or insolvency of the depository. Even if it should be held that it was mandatory upon the town board to designate the security to be furnished, the failure of the town board to perform its duty in that regard does not affect the immunity conferred upon the town treasurer and his bondsmen under the circumstances of this case.

*By the Court.*—Judgment appealed from is reversed, and cause remanded with directions to dismiss the complaint.